IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ERWIN DIBRELL,<br>TDCJ No. 1768096, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | 2:17-CV-132-D-BR |
| FNU WILLIAMS et al., | §<br>§<br>§ | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE TO DISMISS THE COMPLAINT**

This is a civil rights action brought by ERWIN DIBRELL ("Dibrell"), a Texas inmate appearing *pro se*, against employees of the Texas Department of Criminal Justice ("TDCJ") pursuant to 42 U.S.C. section 1983. Plaintiff is an inmate confined in the Clements Unit of TDCJ in Amarillo, Texas. Plaintiff has not paid the filing fee or sought leave to proceed *in forma pauperis* ("i.f.p."). For the following reasons, plaintiff should not be allowed to proceed i.f.p. because, while incarcerated, plaintiff has filed at least three prior civil actions that were dismissed as frivolous or for failure to state a claim and he is not "under imminent danger of serious physical injury." Therefore, this action should be dismissed as barred by the three-strike provision of 28 U.S.C. section 1915(g).

I.
PLAINTIFF'S ALLEGATIONS

In support of his complaint, plaintiff presents the following allegations:

1. Dibrell's complaint argues deliberate indifference to his medical needs by two TDCJ staff nurses: Nurse Carrizalez and Nurse Williams;

2.  Dibrell claims these nurses have denied him the lotion he was previously prescribed for a skin condition and also denied him treatment for constipation. Dibrell is housed in administrative segregation and can only go to the doctor if handcuffed. He claims that by denying him direct treatment, these nurses have essentially denied him access to a doctor; and

3.  Dibrell claims these denials are in retaliation for filing a grievance against the nurses for giving him the wrong food trays six months prior to the incidents described in the complaint.

## II.
## SCREENING

The Prison Litigation Reform Act ("PLRA"), enacted into law on April 26, 1996, amended 28 U.S.C. section 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. section 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, he filed civil actions or appeals in federal court that were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). When a district court dismisses a case as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under 1915(g) once the judgment becomes final. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). A district court's dismissal is final when the prisoner has exhausted avenues of appeal or has waived any appellate rights. *Id*.

A prisoner is barred from proceeding i.f.p. if he is subject to the "three-strike" provision "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint must present a claim that plaintiff is in danger of imminent serious physical injury to overcome the bar. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). In applying the "three-strike" provision of 1915(g), a court may consider case dispositions that occurred prior to the effective

date of the PLRA. *See Adepegba*, 103 F.3d at 387-88. A review of the Public Access to Court Electronic Records ("PACER") and the Sanction Database reflects that Jackson has had at least three prior actions dismissed with prejudice as frivolous or for failure to state a claim, as discussed in the findings below; thus, he is barred from proceeding i.f.p. as he requests. Jackson acknowledges these prior strikes by his motion to proceed.

The only exception to the "three-strike" bar is when the prisoner is under imminent danger of serious physical injury, and Jackson argues this exception applies to his case. To meet the "imminent danger" requirement of section 1915(g), the "threat or prison condition [must be] real and proximate." *Valdez v. Bush*, No. 3:08-cv-1481-N, 2008 WL 4710808 at *1 (N.D.Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id*. "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id*. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to 1915(g)." *Id*. (quoting *Niebla v. Walton Corr. Inst.*, No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)); *see also Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013 (citing *Emmett v. Julye*, No. H-13-2693, 2013 SL 5537251, at *2 (S.D. Tex. Oct. 4, 2013) (in turn citing *Pettus v. Morgenthau*, 554 F.3d 293, 297-298 (2d Cir. 2009) ("the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)"))), *aff'd*, 571 Fed.Appx. 352, 354 (5th Cir. 2014) (per curiam).

Dibrell has not shown he was in "imminent danger of serious injury" at the time of filing his complaint, despite his medical claims. Dibrell claims these nurses are "not letting him see the doctor" because he is in administrative segregation and would have to be handcuffed to be taken to see the doctor; however, Dibrell has not pleaded any facts to show he has made sick call requests to go to the doctor, that he has a prescription medication he is being denied, or that the nurses have deliberately denied or prevented him from filing a request to see the doctor. *See Edmond v. Texas Dept. of Corrections*, 1998 WL 723877, at *3 (N.D. Tex. Nov. 21, 2008) ("allegations about the quality of medical care are insufficient to establish imminent danger"); *see also Valdez v. Bush*, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (allegations must be grounded in specific facts indicating that serious physical injury is imminent and general allegations of retaliation and physical injury are insufficient to allege imminent danger). Dibrell's general allegations that these two nurses have not provided him lotion or laxatives (without any evidence that a doctor has prescribed such medication or he has made a sick call request) do not state a claim of "imminent danger." *See Harrison v. Arasor*, No. 3:11-CV-0712, 2011 WL 1831703, at *2 (N.D. Tex. April 20, 2011) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)).

### III.
### FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. A review of PACER reflects that plaintiff had the following prior actions dismissed with prejudice as frivolous or for failure to state a claim:

    a. In the Western District of Texas, Waco Division, Cause No. 6:13-CV-131 was dismissed on May 23, 2014, for failure to state a claim on which relief can be granted, and no appeal was taken;

    b. In this Court, Cause No. 2:15-CV-346 was dismissed on January 13, 2016 as frivolous and for failure to state a claim on which relief can be granted, and no appeal was taken;

    c. In this Court, Cause No. 2:16-CV-0028 was dismissed on May 12, 2016 as frivolous and for failure to state a claim on which relief can be granted, and no appeal was taken; and

    d. In this Court, Cause No. 2:16-CV-0029 was dismissed on April 21, 2016 as frivolous and for failure to state a claim on which relief can be granted, and no appeal was taken.

2. Based on the dismissals identified above, plaintiff is barred by the "three-strike" provision of 28 U.S.C. section 1915(g).

3. In addition to the above listed strikes accrued under the PLRA:

    a. Dibrell has several dismissals for failure to prosecute and failure to comply with Court orders in this district, including: Cause No. 2:15-CV-318; Cause No. 2:16-CV-0001; Cause No. 2:16-CV-0014;

    b. Dibrell has also previously had *eight* cases dismissed in this district alone because of his three-strike accrual, including: Cause No. 2:16-CV-0055; Cause No. 2:16-CV-0086; Cause No. 2:16-CV-105; Cause No. 2:16-CV-192; Cause No. 2:16-cv-271; Cause No. 2:17-CV-0019; Cause No. 2:17-CV-0033; and Cause No. 2:17-CV-0038; and

    c. Since July of 2017, Dibrell has filed *numerous* lawsuits and has stopped filing any request to proceed i.f.p. or utilizing the proper complaint forms. All of these additional suits were dismissed.

4. In this Court, in Cause No. 2:17-CV-111, Dibrell was warned against the future imposition of sanctions and a bar from future filings if he continues to file frivolous lawsuits. As this suit was filed prior to the warning issued in that case and then transferred to the Amarillo Division, the Court merely reminds Dibrell of the warning, rather than imposing the sanction. However, Dibrell cannot merely file lawsuits in other district courts and hope to avoid future sanctions.

5. Plaintiff has made no showing that he is under imminent danger of serious physical injury, as discussed above.

## IV.
## RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the complaint filed by plaintiff ERWIN DIBRELL be DISMISSED as barred by the three strikes provision of 28 U.S.C. section 1915(g). This dismissal should be without prejudice to plaintiff's right to reopen the case if he pays the $400.00 filing and administrative fees and files a motion to reopen within thirty days of the date of final judgment.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on November 15, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE


**\*NOTICE OF RIGHT TO OBJECT\***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections

with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).